**Abner Wynn GORDON, Plaintiff-Appellant,**

v.

**The JOHN DEERE COMPANY et al., Defendants-Appellees.**

**No. 71–1824**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 18, 1972.

Roderic G. Magie, Pensacola, Fla., for plaintiff-appellant.

William H. Clark, Pensacola, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The disposition of this case rests on the answer to a question that we certified to the Supreme Court of Florida.[1] Fla.Stat. § 25.031, F.S.A., Fla.App. Rules 4.61, 32 F.S.A.

The question certified was whether or not Florida Statutes, Section 48.182 (1970), F.S.A., applies retroactively to allow service under its provisions as to an alleged wrongful act committed prior to the enactment of the statute. The Supreme Court of Florida has ruled that § 48.182 is not to be retroactively applied.[2] This ruling is consistent with the position taken by the district court, 320 F.Supp. 293, in dismissing the action against Deere & Company and John Deere of Baltimore.

Appellant contends that service of process on foreign corporations in federal diversity actions should be governed by a uniform federal standard, rather than by the state law standard of the state in which the federal court sits. We have previously held otherwise. Stanga v. McCormick Shipping Corp., 268 F.2d 544 (5th Cir. 1959); Time, Inc. v. Manning, 366 F.2d 690 (5th Cir.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. The facts of the case and the certified question are reported at 451 F.2d 234 (5th Cir. 1971).

2. Gordon v. John Deere Co., 264 So.2d 419 (Fla.1972).

1966); Woodham v. Northwestern Steel & Wire Co., 390 F.2d 27 (5th Cir. 1968).[3]

The district court's order, therefore, must be affirmed.

Affirmed.

3. For a thorough discussion of the issue and a collection of cases from other Circuits *see* Arrowsmith v. United Press International, 320 F.2d 219 (2nd Cir. 1963) (En Banc).