**BURGER KING CORPORATION, d/b/a
Distron, Plaintiff,**

v.

**CPM&F, INC., a Hawaiian corporation,
Defendant.**

**No. 81–2591–CIV–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

April 9, 1982.

Ricardo J. Cata, Miami, Fla., for plaintiff.

Gary L. Sweet, Miami, Fla., for defendant.

MEMORANDUM OPINION AND ORDER
OF DISMISSAL AND ORDER
QUASHING SERVICE OF PROCESS

SPELLMAN, District Judge.

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Quash Service of Process. Having reviewed the record in this cause and being otherwise duly advised, the Court finds that the motions are properly granted.

The Defendant in this cause of action is a Hawaiian Corporation with its principal place of business in Hawaii. Defendant's

predecessor entered into a distributorship agreement with the Plaintiff, Burger King's Distron Division. The purpose of the agreement was for Defendant's predecessor to supply various Burger King Products to Burger King restaurants in Hawaii, because those restaurants could not get adequate service directly from Burger King in Florida. The goods were shipped from Florida to California and then subsequently shipped to Defendant in Hawaii. Defendant was required by the explicit terms of each shipping invoice to make payment to a California address. The distributorship agreement states that Florida law shall be applied, but is silent as to forum or venue.

The question before the Court for resolution is the applicability of the Florida Long Arm Statute § 48.181 and § 48.193. The burden of proof in such a cause is upon the party seeking the benefit of the statute. *Talcott v. Midnight Publishing Corp.*, 427 F.2d 1277 (5th Cir. 1977). Further, under current Florida case law:

> [I]t is the Plaintiff's burden to plead sufficient facts to justify application of the statute in order to withstand a legal challenge to such service; failure to do so constitutes grounds for dismissal of the complaint or quashal of the service of process. [citations omitted] [1]

The Plaintiff here has not met this burden. Plaintiff argues that monies in a contract are due where the payee resides, here in Florida. But the contract itself specifically abrogates this common law contract rule, stating that the monies shall be payable as per the shipping invoice. As noted before, each shipping invoice stated that payment was to be made to a California address. Therefore, although F.S. § 48.193(1)(g) confers jurisdiction over any person who breaches a contract in this state by failing to perform acts required in this state, the Plaintiff has not shown to this Court any act which was required to be performed in Florida by the Defendant. Defendant did not submit himself to the jurisdiction of the Florida Courts under this section of the Florida Long Arm Statute.

Plaintiff then argues that the Defendant's collective activities in Florida for pecuniary benefit triggered the application of the Florida Long Arm Statute. Here again, Plaintiff has failed to meet his burden of proof in demonstrating to this Court sufficient facts to confer application of the Long Arm Statute. As another Federal Court has stated,

> Personal jurisdiction over nonresident defendants in Florida is limited to situations where the cause of action has some other connection to a specified act committed in Florida.[2]

After review of the record before this Court we can find no business activities which the Defendant was to perform in Florida. No acts, with the possible exception of Defendant's predecessor sending a single check in 1977 directly to Burger King in Miami for payment on a shipment of onion rings, have been performed or were required to be performed in Florida. The breach of contract alleged by Plaintiff occurred because payment was not made on a shipment originating in California and delivered to Hawaii with payment to be made to a California address. The Plaintiff has not shown that the Defendant had a general course of business activity within this state. It is therefore, hereby,

ORDERED AND ADJUDGED as follows:

1) Defendant's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction over the Defendant is GRANTED.

2) Defendant's Motion to Quash the Service of Process is GRANTED and this cause be and the same is hereby dismissed.

3) Defendant's Motion for Protective Order is hereby rendered moot.

---

1. *Chase Manhattan Bank, N. A., et al. v. Banco Del Atlantico*, 343 So.2d 936 (3rd D.C.A., 1977).

2. *Bloom v. A. H. Pond*, 519 F.Supp. 1162 (S.D. Fla.1981).