442 So.2d 985 (1983)
Barry KRAVITZ, Appellant,
v.
GEBRUEDER PLETSCHER DRUCK-GUSSWAREMFABRIK d/b/a Pletscher, an Alien Corporation Doing Business in the State of Florida, and Its Liability Insurance Carrier, Appellee.
No. 83-98.
District Court of Appeal of Florida, Third District.
October 25, 1983.
Rehearing Granted in Part, Denied in Part January 10, 1984.
*986 Horton, Perse & Ginsberg, and Arnold Ginsberg, Lieberman & Benjamin, Miami, for appellant.
Haddad, Josephs & Jack and Gary Gerrard, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is brought by the plaintiff in a products liability case from an order of the trial court which dismissed his second amended complaint with prejudice on the ground that there is no personal jurisdiction because the foreign defendant lacks minimum contacts with the State of Florida. We reverse.
Plaintiff Kravitz, a resident of the State of Illinois, purchased and installed a rack on his touring bicycle. He took the bicycle by plane to Fort Lauderdale, Florida. Upon arriving in Florida, he started a cycling trip from the airport destined to visit a friend who lived several miles away. A short distance from the airport he was struck by a motor vehicle and suffered serious injuries when the rack splintered and became imbedded in his leg. Kravitz sued the manufacturer based on theories of negligence, implied warranty, and strict liability.
The rack was manufactured by defendant in Switzerland and shipped to the United States f.o.b. Hamburg, Germany. It was distributed in Illinois and purchased by Kravitz from a store in Illinois. It is also uncontroverted that the manufacturer's bicycle racks are distributed in several states in the United States, including the State of Florida.
Based on those facts pled and shown by affidavits and deposition, the second amended complaint was dismissed without leave to amend. The trial court cited Hyco Manufacturing Co. v. Rotex International Corp., 355 So.2d 471 (Fla. 3d DCA 1978) in holding that, based on the jurisdictional allegations and proof, there were insufficient minimum contacts with the State of Florida so as to authorize the court's constitutional exercise of personal jurisdiction over the defendant. We disagree.
Appellee concedes that if the same rack had been purchased in Florida there would be sufficient minimum contacts so as to authorize the exercise of jurisdiction. The issue presented by the facts is a very narrow one. Appellee argues that under Section 48.193(1)(f)2, Florida Statutes (1981),[1] the purchase of a product *987 outside the state, which product is then brought into the state for private use, does not enter the state in the ordinary course of commerce or trade for jurisdictional purposes. More specifically, as we understand appellee's contention, there must be shown a "connexity"[2] between the specific bicycle rack which caused injury to plaintiff, and defendant's business activities in Florida. For lack of this "connexity," it is argued, neither constitutional minimum contact requirements, see Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561 (Fla. 1975), nor the more demanding statutory requirements for jurisdiction over the person are met. We refuse to adopt so restrictive an interpretation.
In Shoei Safety Helmet Corp. v. Conlee, 409 So.2d 39 (Fla. 4th DCA), dismissed, 421 So.2d 518 (Fla. 1982), plaintiff, while wearing a motorcycle helmet manufactured by defendant, was injured in a collision with an automobile in Florida. The defendant manufacturer, a Japanese corporation, had sold the helmet to an Ohio corporation, which in turn sold it to the Florida retailer from whom plaintiff purchased the product. Although defendant conceded that it was doing business in Florida, it maintained that the cause of action did not arise out of its business activity in Florida but instead arose out of its activity in Ohio. The court rejected this argument, holding that the connexity requirement was met because the defendant was engaged in the business of promoting and soliciting sales of motorcycle helmets in Florida both at the time the Florida retailer sold the particular helmet to plaintiff and at the time plaintiff was injured. Applying the Shoei rationale, we hold that the defendant's activities in the state, i.e., the sales to an independent Florida distributor of bicycle racks, the likes of which caused injury to a person within the state, constitute sufficient minimum contacts for the purpose of jurisdiction under Section 48.193(1)(f)2, Florida Statutes (1981),[3] without offending traditional due process requirements as set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).[4] The fact that the particular defective item which caused injury while in use in this state was purchased in another state does not render defendant  whose same product is distributed in the state  immune from the jurisdiction of the Florida court.
Reversed and remanded for further proceedings.

On Motion for Rehearing
SCHWARTZ, Chief Judge.
While we adhere to the reasoning and result of our previous decision, we revisit and revise the discussion of the Shoei and General Tire cases in footnote 3 of the *988 opinion. Unlike the facts in both of those cases, the particular item which failed in this one was not purchased in Florida. Nonetheless, General Tire declined to recognize personal jurisdiction over the foreign corporate defendant. It is thus apparent that our decision is, "even more" than Shoei, in direct conflict with General Tire. As the fourth district did in Shoei, 409 So.2d at 41, therefore, indeed on a fortiori basis, we certify the existence of a conflict with General Tire to the Florida Supreme Court under Fla.R.App.P. 9.030(a)(2)(A)(vi). The motion for rehearing is otherwise denied.
FERGUSON, Judge (concurring to certification).
Although I would adhere to the position that this case, based on an interpretation of Section 48.193(1)(f)2, Florida Statutes (1981), does not present the same question as was before the court in General Tire, which was decided under Section 48.181, I agree to certify the question as one of great public importance.
NOTES
[1] Section 48.193(1)(f)2, Florida Statutes (1981) provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury ...:
* * * * * *
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.
[2] "Connexity" refers to the requirement that the cause of action arise out of a transaction or operation connected with or incidental to the activities of the foreign corporation in Florida. John Blue Co. v. Roper Pump Co., 324 So.2d 147 (Fla. 3d DCA 1975).
[3] The court in Shoei recognized that its holding was in direct conflict with the decision in General Tire & Rubber Co. v. Hickory Springs Manufacturing Co., 388 So.2d 264 (Fla. 5th DCA 1980). According to the Shoei court, the fifth district in General Tire incorrectly concluded that a foreign manufacturer which promotes and sells its products in Florida is immune from jurisdiction where the particular allegedly defective product was sold to a foreign corporation which in turn resold it to a Florida enterprise. Although we are persuaded by Shoei in this decision, the precise issue which presents a conflict between Shoei and General Tire is not presented here.
[4] We do not decide whether there would have been sufficient minimum contact for purpose of jurisdiction over the person under Section 48.193(1)(f)2 alone if defendant's bicycle racks had not been distributed in the State of Florida. See Phoenix Trimming, Inc. v. Mowday, 431 So.2d 198 (Fla. 4th DCA 1983) (defendant, an Illinois corporation, which supplied webbing material used in hot air balloon in which decedents were riding when they were killed, was not subject to jurisdiction of Florida courts under Section 48.193(1)(f)2 where defendant did no advertising and had no offices, agents, employees, representatives, distributors or salesmen in the state, and therefore did not have sufficient minimum contacts with Florida to satisfy due process requirements).