443 So.2d 330 (1983)
Cynthia ANDERS for Dennis R. Anders, Decedent, & Richard L. Weaver, Appellants,
v.
JACKSONVILLE ELECTRIC AUTHORITY, Baldwin-Lima-Hamilton Corporation, Armour and Co., Clark Equipment Co., and Miller Electric Co., Inc., Appellees.
No. AS-209.
District Court of Appeal of Florida, First District.
December 28, 1983.
Rehearing Denied January 27, 1984.
Randall A. Schmidt, Law Offices of Brent M. Turbow, Jacksonville, for appellants.
Dudley D. Allen, of Wilbur & Allen, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellants seek review of an order granting appellees' motions to dismiss. We find that the complaint states a cause of action against appellee Armour & Co., and we therefore reverse the order appealed insofar as it relates to Armour.
As stated in the complaint, appellants' action against appellees is predicated upon the negligent design and manufacture of a "truck crane." The complaint further *331 alleges that: The crane was manufactured by Baldwin-Lima-Hamilton, a Pennsylvania corporation which thereafter merged with appellee Armour; Armour purported to transfer to a wholly-owned subsidiary (Baldwin-Lima-Hamilton, a Delaware corporation) the assets and liabilities acquired as a result of the merger; the subsidiary sold its construction equipment division to appellee Clark Equipment Co.; the subsidiary was then dissolved. Appellees' motions to dismiss, which the trial court granted, assert that the complaint "fails to allege any ultimate fact showing why [appellees] should be deemed liable... ."
In Bernard v. Kee Manufacturing Co., Inc., 409 So.2d 1047 (Fla. 1982), the Florida Supreme Court adhered to the traditional corporate law rule
which does not impose the liabilities of the selling predecessor upon the buying successor company unless (1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor.
Applying this rule in the present case, we find that the complaint fails to allege any factual predicate by which liability could be imposed upon Clark.
The allegations of the complaint, however, are sufficient to bring Armour within the ambit of the exceptions recognized in Kee Manufacturing, so as to withstand Armour's motion to dismiss. The complaint alleges that by the merger Armour acquired the assets and liabilities of the predecessor corporation. This is essentially an allegation that Armour assumed the obligations of the predecessor, which is one of the above stated four exceptions to the traditional corporate law rule of non-liability.
The complaint is likewise facially sufficient as against Armour to preclude dismissal on the asserted ground that Armour purported to transfer its obligations to a wholly-owned subsidiary. The complaint alleges that Armour "attempted to transfer the liabilities it acquired by the merger to Baldwin-Lima-Hamilton Corporation, a Delaware corporation." Appellees' argument that corporate creditors would have an increased pool of assets if appellants were entitled to a cause of action against the parent company in addition to the subsidiary has no merit. The assets of the crane manufacturing company that were merged into the parent company (Armour), and subsequently sold by the subsidiary, benefited the parent and should be available to corporate creditors. Also, since the appellee falls into one of the exceptions to the corporate law rule, Florida Statute § 607.231(3)(e) is not applicable here. Armour purchased the predecessor corporation and created a wholly-owned subsidiary in 1965. Seven years later, the subsidiary sold its construction division. A factual issue is presented as to whether or not a de facto merger occurred. Cf., Kelly v. American Precision Industries, Inc., 438 So.2d 29 (Fla. 5th DCA 1983).
Insofar as it relates to Clark the order appealed is affirmed; as it relates to Armour, the order appealed is reversed and the cause is remanded for further proceedings.
LARRY G. SMITH and JOANOS, JJ., concur.