**William POLLARD, Plaintiff,**

v.

**STEEL SYSTEMS CONSTRUCTION CO., INC., et al., Defendants.**

**No. 81–503–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

April 5, 1984.

Barry Meadow, Miami, Fla., for plaintiff.

Paul C. Huck, Miami, Fla., Israel Abrams, North Miami Beach, Fla., Carl B. Schwait, Miami, Fla., for defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT LISKEN'S MOTION TO DISMISS AND DEFENDANT INPECA'S MOTIONS TO DISMISS AND MOTION TO QUASH AND ORDER OF DISMISSAL**

SPELLMAN, District Judge.

THIS CAUSE came before the Court on a motion to dismiss by Defendants INDUSTRIAL PESQUERA MONTEVERDE, C.A. (a.k.a. INPECA) and GUNTHER LISKEN and a second motion to dismiss and motion to quash service of process by Defendant INPECA. The Court having reviewed the same and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the original motion to dismiss by INPECA and GUNTHER LISKEN (Docket # 25) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant INPECA's second motion to dismiss and motion to quash (Docket # 44) are GRANTED.

Given the fact that Plaintiff concedes in its memoranda that the first motion to dismiss, as it pertains to GUNTHER LISKEN should be granted, the Court dismisses Defendant LISKEN from this cause without further comment.

As to Defendant INPECA, it is the opinion of the Court that it lacks personal jurisdiction over Defendant INPECA under F.S.A. Sections 48.181 and 48.193. Plaintiff contends that the Defendant was doing business in the State of Florida and as such, is subject to the jurisdiction of this Court by virtue of the Florida long-arm statutes. It is settled law that Florida's long-arm statutes require more activities or contacts to sustain personal jurisdiction than is demanded by the Constitution. See *Mallard v. Aluminum Company of Canada*, 634 F.2d 236 (5th Cir.1981), *American Baseball Cap v. Duzinski*, 308 So.2d. 639 (Fla. 1st Dist.Ct.App.1975) and *Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc.*, 276 So.2d 505 (Fla. 4th Dist.Ct.App.1973). Personal jurisdiction over nonresident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause has some other connection to a specified act committed in Florida. See *Burger King Corporation v. CPM & F, Inc.*, 537 F.Supp. 651 (S.D.Fla.1982) and *Bloom v. A.H. Pond*, 519 F.Supp. 1162 (S.D.Fla.1981). This is the so called connexity requirement which must be satisfied before jurisdiction over a foreign defendant may be exercised. In addition, it has been consistently held that the language setting forth the contacts required by long-arm jurisdiction statutes must be strictly con-

strued. See *American Baseball Cap v. Duzinski, supra.* Assuming that defendant INPECA had engaged in sufficient activities so as to be doing business within the state, it is the opinion of the Court that there is a lack of connexity between Defendant's business activity in Florida and the cause of action. There is no dispute that the Plaintiff was injured while working in Ecuador. Moreover, Plaintiff's allegations of negligence are all founded upon acts or omissions which occurred in Ecuador. *Crown Colony Club, Ltd. v. Honecker,* 307 So.2d 889 (Fla. 3d. Dist.Ct.App. 1973), lends ample support to INPECA's contention that the cause of action did not arise out of the Defendant's activities in Florida. While the Court recognizes that the facts of the instant case are not identical to those found in *Crown Colony,* they are sufficiently similar so as to buttress the Defendant's position that the Court lacks personal jurisdiction over it.

In an apparent attempt to obviate the Defendant's argument that the cause of action did not arise out of business INPECA had done in Florida, Plaintiff served Paul M. Shockley as a vice president of, and agent for, INPECA. The following day Plaintiff served a company owned by Mr. Shockley, Signal International, Inc. as agent for INPECA. For purposes of service of process, a business agent has been held to be the person who represents the corporation and who officially speaks for it in local business affairs of the corporation. See *Dade Erection Services, Inc. v. Sims Crane Services,* 379 So.2d 423 (Fla. 2d DCA 1980).

> A business agent as contemplated by the law means more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state and its duties must be closely related to the duties of the officers of the corporation within the state. He must be authorized to manage the business of the corporation or some branch of it within the state and stand in the shoes of the foreign corporation. See *Valdosta Milling Co. v. Garretson,* 54 So.2d 196 (Fla. 1951).

While it is clear that Paul Shockley was made a vice president of INPECA for purposes of settling an instance of litigation and that mail has been sent to INPECA via Signal International and Mr. Shockley from time to time, the record does not support Plaintiff's service of process on Mr. Shockley or his company. Plaintiff cites *Woodham v. Northwestern Steel and Wire Co.,* 390 F.2d 27 (5th Cir.1968) and *H. Bell and Associates, Inc. v. Keasbey and Mattison Co.,* 140 So.2d 125 (Fla. 3d. DCA 1962), in support of its assertion that it fully complied with the provisions of F.S.A. Section 48.081. These cases hold that the test to be used to determine if service upon an agent is sufficient to constitute service of process upon a foreign corporation is whether the corporation will receive notice of the action. The above cited cases do not change the fact that under Florida law, neither Shockley nor Signal International, Inc. were agents of INPECA at the time service was made.

This cause be and the same is hereby DISMISSED.