**Diana T. TELLSCHOW, Plaintiff,**

**v.**

**AETNA CASUALTY & SURETY CO., etc., et al., Defendants.**

**No. 84-8084-CIV-JAG.**

United States District Court, S.D. Florida, N.D.

May 24, 1984.

Michael D. Eriksen, Cone, Wagner, Nugent, Johnson, Hazouri & Roth, Hamilton, James Merkle & Young, West Palm Beach, Fla., for plaintiff.

A. Blackwell Stieglitz, Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the Defendants', Aetna Casualty & Surety Co., and A.H. Robins Company, Motion to Dismiss. The court has considered the record, and is duly advised.

The defendants' have moved to dismiss the complaint on grounds that this court lacks in personam jurisdiction over the non-resident defendants Aetna Casualty & Surety Co. and A.H. Robins Company. The complaint alleges insertion of the Dalkon Shield in California, use of the product in California, removal in California, and illness in California.

Plaintiff alleges that at the time of the injury, Robins was selling the Dalkon Shield intrauterine contraceptive device in every state of the union, including Florida. Plaintiff further alleges that although the Dalkon Shield was sold and inserted in California, plaintiff's cause of action arose from exactly the type of business Robins conducted in Florida at the same time.

Personal jurisdiction in a federal diversity action is governed by the state law standard of the state in which the federal court sits. *Gordon v. John Deere Company,* 466 F.2d 1200 (5th Cir.1972); *Woodham v. Northwestern Steel and Wire Company,* 390 F.2d 27 (5th Cir.1968); *Time, Inc. v. Manning,* 366 F.2d 690 (5th Cir.1966); *Stanga v. McCormick Shipping Corporation,* 268 F.2d 544 (5th Cir.1959); *Bloom v. A.H. Pond,* 519 F.Supp. 1162 (S.D.Fla.1981).

In *Bloom v. A.H. Pond, supra,* the district court held that personal jurisdiction over non-resident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida, or the cause of action has some other connection to a specified act committed in Florida. This has been described as the "connexity" requirement that must be met before jurisdiction over a non-resident

can be sustained. The Court further noted that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There must be some nexus or connection between the business that is conducted in Florida and the cause of action alleged. *Id.* at 1168.

Plaintiff asserts that the complaint alleges the requisite facts to establish personal jurisdiction over these non-resident defendants by stating that although the plaintiff's Dalkon Shield was sold and inserted in California, plaintiff's cause of action arose from exactly the type of business defendant Robins was conducting in Florida at the same time.

This court finds that plaintiff's complaint fails to allege sufficient contacts to establish in personam jurisdiction. The alleged insertion and alleged onset of physical injuries took place outside Florida hence the required nexus or connection between defendant Robins' presence in the state of Florida and the plaintiff's cause of action is missing.

In *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); and *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court proscribed the standards by which a state could assert personal jurisdiction over a non-resident defendant. Personal jurisdiction over such defendant could be obtained provided the defendant had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe, supra,* 326 U.S. at 316, 66 S.Ct. at 158.

Subsequently, in *World Wide Volkswagen Corp. v. Woodson, supra,* the Court held that "the foreseeability that is critical to due process analysis is ... that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* 444 U.S. at 297, 100 S.Ct. at 567.

Plaintiff cites two cases in support of her argument that in order to establish in personam jurisdiction over the non-resident defendant in this cause, she need only show that defendant Robins was selling Dalkon Shields in the State of Florida at the same time that it sold the injuring Shield in California.

This Court finds that neither *Shoei Safety Helmet Corp. v. Conley,* 409 So.2d 39 (Fla. 4th DCA, 1981), nor *Kravitz v. Pletscher,* 442 So.2d 985 (3rd DCA, 1983) may be read that broadly. Neither decision holds that a corporation is amenable to suit in any state where it promotes the sale of a particular product, regardless of where the injury occurred. The facts in *Kravitz* and *Shoei* are clearly distinguishable from the circumstances in this case.

In *Shoei,* the Florida plaintiff purchased the foreign corporation's product *in Florida.* In *Kravitz,* the foreign corporation was selling the offending product in Florida at the time the plaintiff purchased the article, and at the time the plaintiff was injured by the offending product *in Florida.*

In the instant case, plaintiff states that she was at no material time a citizen of the State of Florida. The device was purchased and inserted in California. The plaintiff experienced problems while using the device in California. The device was removed in California. The complaint does not allege where the plaintiff's surgery occured. The complaint alleges that the basis of jurisdiction is that Robins was selling the same type product in Florida at the same time the product was sold to the plaintiff.

Based upon the foregoing, this Court finds that the plaintiff has failed to allege sufficient contacts to establish personal jurisdiction over the non-resident defendants Aetna Casualty & Surety Co. and A.H. Robins Company. The alleged insertion of

the Dalkon Shield and the alleged onset of physical injuries took place outside Florida. Plaintiff has, therefore, failed to allege the facts necessary to establish the required "connexity" between defendant Robins' et al.,'s presence in the state of Florida and plaintiff's cause of action.

Accordingly, it is

ORDERED AND ADJUDGED that the defendants Aetna Casualty & Surety Co. and A.H. Robins Company Motion to Dismiss be, and the same is hereby DENIED; however, this cause is hereby transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1631. The Clerk is hereby directed to forward all necessary documents in this cause to the United States District Court for the Central District of California.