467 So.2d 1046 (1985)
NICOLET, INC., Appellant,
v.
Edward C. BENTON & Annie M. Benton, His Wife, Appellees.
NICOLET, INC., Appellant,
v.
James H. WOOD, Sr. & Mary Jo Wood, His Wife, Appellees.
NICOLET, INC., Appellant,
v.
Thomas J. LEDDY & Evelyn J. Leddy, His Wife, Appellees.
NICOLET, INC., Appellant,
v.
George F. LOZNICKA, Jr. & Lillian Loznicka, His Wife, Appellees.
NICOLET, INC., Appellant,
v.
Clifford W. THOMPSON, Appellee.
NICOLET, INC., Appellant,
v.
Robert M. BARSH & Mary Barsh, Appellees.
Nos. BA-273 to BA-277 and BA-308.
District Court of Appeal of Florida, First District.
April 9, 1985.
Rehearing Denied May 15, 1985.
*1048 Samuel H. Lanier of Coker, Myers & Schickel, Jacksonville, for appellant.
Wayne Hogan of Brown, Terrell, Hogan & Ellis, Jacksonville, for appellees.
ERVIN, Chief Judge.
These appeals arise from the entry of non-final interlocutory orders denying appellant's motion to dismiss for lack of personal jurisdiction.
The individual appellees filed personal injury claims against appellant, a nonresident corporation, and others, alleging injury caused by long-standing exposure to products containing asbestos. These claims were consolidated for pre-trial purposes and are consolidated for purposes of this appeal.
Although the six complaints do not specify a sole basis upon which personal jurisdiction is predicated, in the hearing before the trial judge and on appeal, appellees have exclusively relied on Section 48.181(1), Florida Statutes,[1] to confer personal jurisdiction over the nonresident appellant.
The requisites for service under section 48.181(1) are as follows: First, "a plaintiff must allege sufficient facts that the non-resident defendant was doing business in Florida." Caribe & Panama Investments v. Christensen, 375 So.2d 601, 603 (Fla. 3d DCA 1979) (e.s.). In all their complaints, appellees have alleged that appellant "[o]perated, conducted, engaged in or carried on a business or business venture in this state, or had an office or agency in this state." Here, the complaints allege sufficient facts to support an initial basis for the exercise of personal jurisdiction.
Appellant, however, also argues that in testing the sufficiency of allegations asserting jurisdiction over a nonresident defendant, on the theory that it carried on a business in this state, reference must be made to Florida Rule of Civil Procedure 1.120(f), requiring that "averments of time and place are material... ." It argues, among other things, that because the dates of product exposure anteceded the effective date of section 48.181(1), or its predecessor, the statute must be deemed inapplicable as a means of asserting jurisdiction. We disagree. Reliance on rule 1.120(f), as requiring specificity in the dates alleging exposure to asbestos products, was also raised by nonresident defendants in Copeland v. Celotex Corp., 447 So.2d 908 (Fla. 3d DCA 1984), and in Copeland *1049 v. Armstrong Cork Co., 447 So.2d 922 (Fla. 3d DCA 1984), and there rejected. In the former case, the court stated:
[A]ny requirement of pleading a specific time and place of injury would place an insurmountable burden upon a plaintiff. We hold, therefore, that the allegation of a longtime exposure to the alleged defective product, such as asbestos, under these specifically alleged conditions constitutes sufficient ultimate facts of cumulative exposure injury (characterized in Copeland, 447 So.2d 922, as "creeping disease").
447 So.2d at 912-13. The court explained that "allegations of time and place are necessary ... only where their absence renders a pleading so vague and ambiguous that the defendant cannot adequately frame an answer." Id. at 912. We agree and adopt the Copeland analysis to the issue raised.
An additional requirement for service under section 48.181(1) is that a plaintiff must allege "that the cause of action sued upon arose out of such business before jurisdiction attaches under section 48.181(1)." Caribe & Panama Investments, 375 So.2d at 603. This rule was amplified upon in Bloom v. A.H. Pond Co., 519 F. Supp. 1162, 1168 (S.D.Fla. 1981), wherein the court stated:
Personal jurisdiction over non-resident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida. This has been described as the "connexity" requirement that must be met before jurisdiction over a nonresident can be sustained. It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There must also be some nexus or connection between the business that is conducted in Florida and the cause of action alleged. This interpretation of the long-arm statutes is supported by both state and federal courts faced with the problem.
(emphasis supplied) (footnotes omitted)
Typically, all the complaints allege the plaintiffs' exposure to products containing asbestos manufactured by appellant's predecessor within a certain time frame. For example, plaintiff Leddy's complaint states:
3. Thomas J. Leddy was exposed to various products containing asbestos while working as a pipe insulator from 1954 to 1974. He was then and there exposed to the effects and results of his and others' work with and around asbestos and asbestos-containing insulation materials which were manufactured, processed, imported, converted, compunded [sic], distributed, sold or otherwise placed into the channels of commerce by the respective defendants.
The only major difference in the six complaints is the time of the six individual plaintiffs' exposure to the products. These allegations by themselves are insufficient to show the nexus or connection between appellant's business that is conducted in Florida and the cause of action alleged. However, appellee Loznicka and Barsh have attached "work history" documentation containing a list of periods of exposure within certain time frames to products of Nicolet's alleged predecessor, Keasby and Mattison, Inc. (K & M) at appellees' worksites in Florida. In order to impose liability upon K & M's successor for the alleged acts of its predecessor, all six complaints allege:
12. Defendant, Nicolet, Inc., merged with its asbestos insulation producing predecessor, Keasby & Mattison, Inc. and succeeded to its liabilities either by the merger, by express or implied assumption, or by being a mere continuation of its predecessor.
Therefore, appellees Loznicka and Barsh have met their burden by alleging that the cause of action sued upon arose out of Nicolet's predecessor K & M doing business in Florida. However, appellees Leddy, *1050 Wood,[2] Benton and Thompson[3] have neither attached any "work history" material or supporting material to the complaints, nor made any allegations which would support a finding that the cause of action sued upon arose out of such business in Florida.
Although we reverse as to appellees Leddy, Wood, Benton and Thompson, we do so without prejudice for the purpose of allowing them an opportunity to amend their complaints to allege, if they can, the "connexity" between the doing of business in Florida and the cause of action sued upon.
We have considered the remaining points and determine them to be without merit and therefore affirm.[4]
Affirmed in part and reversed in part.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] Section 48.181(1), authorizing service on a nonresident defendant engaging in business in this state, provides:

The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.
[2] Although appellee Wood has attached "work history" documentation, there is no showing of Florida based exposure to K & M's products.
[3] In the Thompson complaint, Thompson has alleged that he attached to his complaint a "work history" containing a list of periods of exposure to Nicolet's products containing asbestos. After a thorough search through the record, we are unable to locate the "work history". We therefore treat the Thompson case as if no work history was provided; however, we also allow Thompson opportunity to amend his complaint, or attach a work history to satisfy the "connexity" requirement.
[4] In addition to arguing that the trial court erred in refusing to dismiss the complaints on the grounds that the complaints failed to state sufficient facts alleging that the nonresident was doing business in Florida, and to state a sufficient nexus between the business and the personal injury action, appellant argues that the court erred in holding that Nicolet's affidavit in support of its motion to dismiss failed sufficiently to rebut the jurisdictional allegations against it, and also argues that the statute cannot be constitutionally applied to subject it to personal jurisdiction by reason of the jurisdictional contacts of its predecessor corporation. Both of these points basically relate to Nicolet's affidavit which had generally alleged, through its agent Musselman, that Nicolet had never conducted any business, nor had any employees within the state of Florida, nor owned property of any kind, etc. The affidavit, however, never refuted the complaints' allegations that Nicolet had merged its operations with those of its predecessor, K & M, and succeeded thereby to its liabilities. We agree with appellees' contention that Nicolet must be considered the "present embodiment" of K & M, therefore the long arm statute grasps K & M in the form of Nicolet. Cf. Anders v. Jacksonville Electric Authority, 443 So.2d 330, 331 (Fla. 1st DCA 1983).