474 So.2d 1241 (1985)
Jonnie Junie McKENZIE, Appellant,
v.
Anthony John BONNING, Appellee.
No. 85-1107.
District Court of Appeal of Florida, Third District.
September 3, 1985.
*1242 Fowler, White, Burnett, Hurley, Banick & Strickroot and Mark R. Antonelli, Miami, for appellant.
Rosenblatt, Rosenblatt & Roth and Henry Seiden, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The appellant McKenzie is a resident of South Carolina who allegedly contracted to drive a vehicle from that state to Florida. On the way, he was involved in an accident in Georgia. Service of process in the present Florida action for the injuries sustained was, as against him, effected through the Secretary of State under the "doing business" section of the long-arm statute, section 48.193(1)(a), Florida Statutes (1983). He now appeals from, and we reverse, an order denying his motion to dismiss for lack of personal jurisdiction. Even assuming, dubitante in extremis, that his entering into a contract to be partially performed in this state constituted "doing business" here, it is obvious that the Georgia accident did not arise out of that activity and that he took no purposeful step to justify subjecting him to the maintenance of such an action in Florida, as are required by the terms of the statute itself and by the demands of due process. E.g., Duke Power Co. v. Hollifield, 471 So.2d 1365 (Fla. 1st DCA 1985), and cases cited; National Equipment Leasing, Inc. v. Watkins, 471 So.2d 1369 (Fla. 5th DCA 1985) (Cowart, J., specially concurring).
Reversed.