515 So.2d 1354 (1987)
The CITY CONTRACT BUS SERVICE, INC., Appellant,
v.
H.E. WOODY; T.B. Ivins and Harold King, Appellees.
No. 87-53.
District Court of Appeal of Florida, First District.
December 1, 1987.
*1355 Samuel H. Lanier, Jacksonville, for appellant.
Joel D. Eaton, Miami, for appellees.
SMITH, Chief Judge.
The City Contract Bus Service, Inc. (Georgia Bus) appeals an order denying its motion to quash service of process and dismiss for lack of personal jurisdiction. We reverse.
In three separate complaints, appellees, who are Tennessee residents, sued Georgia Bus, a Georgia corporation, for injuries arising out of a motor vehicle accident which occurred on February 11, 1985, in Atlanta, Georgia. According to the allegations of the complaints, appellees are Tennessee residents and were employed by CSX Transportation, Inc., a railroad having its principal place of business in Jacksonville, Florida. The jurisdictional allegations of the complaints are as follows:
2. At all times material hereto, BUS owned and operated a common carrier bus service engaged in interstate commerce, with one of its principal places of business at Jacksonville, Duval County, Florida.
3. At all times material hereto, Defendant BUS was engaged in substantial business activity within Jacksonville, Duval County, Florida, in that, said Defendant was a party to, and maintained a contract of employment for services with, Defendant CSX for the transportation of said Defendant's employees; that Defendant BUS executed and maintained a contract of liability insurance covering its fleet of vehicles with an insurer and/or its agent located within Duval County, Florida; and that Defendant BUS' corporate president's office is located within Duval County, Florida.
While these allegations do not track the language of any specific long-arm statute, see Florida Rules of Civil Procedure 1.070(i), Georgia Bus's counsel asserts on appeal, without contradiction, that the only statutory basis for long-arm jurisdiction argued below was section 48.181, Florida Statutes.
Georgia Bus filed defensive motions contesting service of process and personal jurisdiction. In support thereof, Georgia Bus filed, among other things, the affidavit of George P. Canova, president of Georgia Bus, which states that Georgia Bus operates from its Atlanta, Georgia, offices; that it has never had an office or other facility in Florida; that its principal place of business has never been located in Florida; that his office as president of Georgia Bus has never been located in Florida; that Georgia Bus does not engage in business activities in Florida; and that Georgia Bus does not operate out of Florida. Another affidavit reveals the existence of a separate corporation known as City Contract Bus Service, Inc. (Florida Bus), a Florida corporation, which has a business location in Jacksonville, Florida, and whose president is George P. Canova.
In response, appellees produced a certified computer printout from the Secretary of State of Georgia. This document, pertaining to the corporate filings of Georgia Bus, lists the principal office address of Georgia Bus as P.O. Box 2182, Jacksonville, Florida. The same address is given for the president of Georgia Bus, George Canova. The vice-president of the corporation is listed as a Georgia resident but the secretary has a Jacksonville, Florida, address. Appellees also allegedly provided documentation from the Florida Secretary of State to the effect that Florida Bus had been involuntarily dissolved.
Thereafter, the trial court entered an order denying the motions to quash service of process and to dismiss for lack of personal jurisdiction. With regard to personal jurisdiction, the trial court noted the documentation from the Georgia Secretary of State *1356 and the Florida Secretary of State and found:
7. Further, the Court finds that Defendant, The City Contract Bus Services, Inc., is a corporation doing business within Jacksonville, Duval County, Florida, and at all times material hereto has maintained a contract of employment for services with, Defendant, CSX Transportation, Inc., for the transportation of said Defendant's employees, and that the corporate head quarters of CSX Transportation, Inc. is located in Jacksonville, Duval County, Florida.
8. Further, at all times material hereto, the Defendant, The City Contract Bus Services, Inc., maintained a contract of liability insurance over its fleet of vehicles through a liability insurance agency located in Jacksonville, Duval County, Florida.
The trial court concluded that it had personal jurisdiction of Georgia Bus under section 48.181, Florida Statutes.
At the outset, we note that statutes governing long-arm jurisdiction are to be strictly construed. Esberger v. First Florida Business Consultants, 338 So.2d 561, 562 (Fla. 2nd DCA 1976). Moreover, to perfect service pursuant to the long-arm statutes, the complaint must allege the jurisdictional requirements prescribed by the statutes. Id. Before service may be effected under section 48.181, a plaintiff must allege sufficient facts that the nonresident defendant was doing business in Florida and that the cause of action sued upon arose out of such business. This is known as the "connexity" requirement. Nicolet, Inc. v. Benton, 467 So.2d 1046, 1048-9 (Fla. 1st DCA 1985). We find that the connexity requirement of section 48.181(1) was not sufficiently alleged in the complaints, nor did appellees offer sufficient proof below satisfying the connexity requirement. See McKenzie v. Bonning, 474 So.2d 1241 (Fla. 3rd DCA 1985). No contract between appellees' alleged employer, CSX Transportation, Inc., and Georgia Bus was introduced below nor was there any other evidence that such contract, should it exist, contemplates any Florida activity or relationship whatsoever. Accordingly, we agree with Georgia Bus that the trial court erred in sustaining personal jurisdiction over Georgia Bus under section 48.181(1), because the complaints fail to allege the jurisdictional requirements prescribed by the statute and because appellees failed to introduce the evidentiary facts necessary to support the statutory requirements when the complaint was attacked by motion to dismiss.[1]
Nevertheless, appellees have urged us to affirm the trial court's order on the grounds that the jurisdictional allegations of the complaints meet the requirements of sections 48.081(5) and 48.193(2), Florida Statutes, neither of which have a connexity requirement.[2] Citing numerous authorities, appellees argue that when a defendant has an office in the forum state from which it conducts substantial business and not merely isolated activity, the forum state can exercise "general jurisdiction" over it without offending the due process clause, whether the cause of action arose directly out of those business activities or not, as there is no constitutional "connexity" requirement in the latter case. Assuming, without deciding, that this is true, we decline to accept appellees' invitation to affirm the trial court's order under the familiar "right for the wrong reason" rule. We find that it is not appropriate for this court to determine whether Georgia Bus may be amenable to the jurisdiction of Florida courts under an alternative theory of jurisdiction, *1357 or whether the allegations of appellees' complaints would support the exercise of an alternative theory of jurisdiction. See Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 n. 2 (Fla. 1st DCA 1986), and Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367, 369 (Fla. 4th DCA 1978). We observe that it is patently obvious, however, that the allegations of the complaints do not purport to track the language of sections 48.081(5), or 48.193(2), nor was there proof offered below specifically directed to these statutory requirements.
The thrust of appellees' argument is that Florida may assert general jurisdiction over Georgia Bus because Georgia Bus's principal business office is in Jacksonville, Florida. As proof of this, appellees have offered the document from the Secretary of State of Georgia to the effect that Georgia Bus's principal office address is Post Office Box 2182, Jacksonville, Florida. Since our disposition of this appeal contemplates further proceedings below, we offer the following limited comments on this particular aspect of the proof for the guidance of the court and counsel. We disagree that this document, without more, establishes that Georgia Bus has a business office within the state and is actually engaged in the transaction of business therefrom, within the meaning of section 48.081(5), or that Georgia Bus is engaged in substantial and not isolated activity within this state within the meaning of section 48.081(5) or 48.193(2). We can think of many instances in which having a post office box would not be the equivalent of engaging in substantial and not isolated activity within this state, or the equivalent of maintaining a business office within this state from which one is engaged in the transaction of business.
Nevertheless, despite the shortcomings of the jurisdictional allegations of appellees' complaints and the failure of proof below, we are not persuaded that appellees cannot meet the jurisdictional requirements of one or more of these long-arm statutes if properly pled and proven upon challenge. Accordingly, we reverse and remand for further proceedings. See, e.g., Nicolet, Inc. v. Benton, 467 So.2d at 1050.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Failure to adequately allege the basis for invoking long-arm jurisdiction over a non-resident defendant voids any service of process. Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985). Therefore, on remand, Georgia Bus must be re-served. Shammay v. Shammay, 467 So.2d 1040 (Fla. 3d DCA 1985).
[2] Ch. 84-2, Laws of Florida, amended both the statutes and the amendments became effective on April 25, 1984. American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985).