526 So.2d 1064 (1988)
UTILITY TRAILER MANUFACTURING, CO., a Foreign Corporation, Appellant,
v.
Green CORNETT and Betty Cornett, Appellees.
No. 87-1173.
District Court of Appeal of Florida, First District.
June 22, 1988.
*1065 Jaime D. Liang and Frank J. Santry, of Field, Granger, Santry & Mitchell, Tallahassee, for appellant.
Donald M. Hinkle, of Fonvielle & Hinkle, Tallahassee, for appellees.
WENTWORTH, Judge.
Appellant Utility Trailer Manufacturing Co., a foreign corporation, seeks review of an 8/5/87 order entered in the circuit court for Leon County by which appellant's motion to dismiss, for lack of any proper basis for exercise of jurisdiction, was denied. Appellant contends the court erred 1) by declining to find that appellees had failed to plead or prove sufficient facts to establish connexity between the cause of action and appellant's business activity; 2) by declining to find that appellees failed to establish personal jurisdiction; and 3) by effectively applying a 1984 amendment to section 48.193, Florida Statutes, in this case. We reverse.
Appellee Green Cornett and his spouse filed an action against appellant for strict liability and negligence in the design and manufacture of a commercial trailer unit. The complaint alleged that appellant, a California corporation, "is engaged in substantial and not isolated activity" within Florida, including the sale of the defective trailer to Cornett's employer, John Amiss Meats, in Leon County. Cornett and his spouse are residents of Georgia. Damages were claimed as a result of injuries which Cornett allegedly sustained in Alabama when he slipped and fell from the trailer bumper while trying to enter the trailer in the course of his employment.
Appellant sought dismissal of the action, asserting that the sale of the trailer did not take place in Florida and that appellees cannot establish sufficient connexity with the state to confer personal jurisdiction. The affidavit of appellant's president states that the trailer unit was manufactured by a subsidiary corporation in Texas and then sold to an Iowa dealer which is not related in ownership to appellant. The affidavit further states that appellant "took no part in and had no connection or control whatsoever" with regard to the sale of the trailer unit to John Amiss Meats. The deposition of the president/owner of John Amiss Meats indicates that the trailer unit was purchased from Riverside Tractor and Trailer in Dubuque, Iowa, and that Cornett was injured when the trailer was initially being transported from Iowa, after purchase, to Florida by John Amiss Meats. It was further indicated that Riverside Tractor and Trailer and Amiss Meats had developed a business relationship as a result of Riverside's convenient location near a meat packing house. The witness testified that Riverside had serviced trailers for Amiss Meats in the past, and that Amiss had bought tires from Riverside. He stated that the purchase of the trailer unit in the present case evolved from discussion and negotiations with a representative of Riverside.
Appellee's attorney filed an affidavit stating on personal knowledge that a "substantial percentage" of trailer units on Florida highways bear the "Utility" trademark. Various documents were attached to this affidavit, including an investigator's report, photographs of "distributor locations" in Orlando and Tampa, listings from the Orlando and Tampa telephone directories for "Utility trailers," promotional and sales brochures distributed within Florida and documents indicating a telephone listing and a leasing accounts office for appellant in Tallahassee. Invoice documents *1066 from the manufacturer to the Iowa dealer, supplied upon request for production, list John Amiss Meats as the ultimate purchaser of the trailer unit.
After a hearing at which the parties' counsel presented argument the court noted that the site of the accident was in Alabama, but suggested that the defect alleged "follows the truck." Determining that appellees had demonstrated a basis for subjecting appellant to jurisdiction in Florida, the court entered an order denying the motion to dismiss.
Prior to the amendment of section 48.193, Florida Statutes, in 1984, for long-arm jurisdiction to attach under either that enactment or section 48.181 it was necessary that there be connexity between the plaintiff's cause of action and the defendant's activities within the state of Florida. See e.g., American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla.3d DCA 1985); see also Pollard v. Steel Systems Construction Co. Inc., 581 F. Supp. 1551 (S.D. Fla. 1984); Bloom v. A.H. Pond Co., 519 F. Supp. 1162 (S.D.Fla. 1981). As Pollard and Bloom indicate, Florida's long-arm statutes require a more substantial connection with the state than the minimal contacts constitutionally necessary. Connexity may be established by showing that the cause of action arises from the doing of business by the nonresident defendant in Florida, or that the cause of action is in some other way connected to a specified act committed by the defendant in Florida. See Nicolet Inc. v. Benton, 467 So.2d 1046 (Fla. 1st DCA 1985), quoting Bloom, supra.
Connexity has been found to exist as to the manufacturer in a defective product action where the product was purchased in Florida. See Shoei Safety Helmet Corp. v. Conlee, 409 So.2d 39 (Fla. 4th DCA 1982), dismissed 421 So.2d 518 (Fla. 1982). The Shoei court determined that the requirement of connexity was satisfied even though the foreign manufacturer had sold the product to an Ohio corporation which then sold it to a Florida retailer from whom the plaintiff made the purchase. In reaching this conclusion the court relied on the general business activity by the manufacturer's subsidiary of promoting and soliciting the sale of similar products within the state. But compare General Tire & Rubber Co. v. Hickory Springs Manufacturing Co., 388 So.2d 264 (Fla. 5th DCA 1980). Likewise, where a product produces injury within the state of Florida, a manufacturer's sale of like products to an independent distributor within the state has been held sufficient to meet the connexity requirement even though the plaintiff had purchased the particular product involved outside the state. See Kravitz v. Gebrueder Pletscher, Druck-Gusswaremfabrik, 442 So.2d 985 (Fla.3d DCA 1983). Although the Shoei opinion did not explicitly identify the situs of the injurious incident (the product involved was a motorcycle helmet worn during a vehicular collision), the Kravitz court characterized the Shoei decision as involving injuries sustained during a collision with an automobile within the state of Florida. Kravitz was approved by the supreme court in Davis v. Pyrofax Gas Corp., 492 So.2d 1044 (Fla. 1986).
Where an injury occurs outside the state of Florida, a defendant's business presence within the state does not in itself satisfy the connexity requirement for jurisdiction. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984). And in a defective products action for a commodity bought outside the state, jurisdictional connexity is not established as to the manufacturer merely by the sale of the manufacturer's similar products within the state. See Polskie Linie Oceaniczne v. Seasafe Transport A/S, 795 F.2d 968 (11th Cir.1986). Where the specific product is not purchased or used within the state, and the injury occurs elsewhere, the manufacturer's sale of similar products within the state does not satisfy the jurisdictional requirement of connexity. See American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla.3d DCA 1985); Tellschow v. Aetna Casualty Ins. Co., 585 F. Supp. 593 (S.D. Fla. 1984).
Canron Corp. v. Holt, 444 So.2d 529 (Fla. 1st DCA 1984), establishes that a manufacturer's jurisdictional connexity as *1067 required by section 48.193 is satisfied by the manufacturer's solicitation, sales, and servicing activities within Florida, coupled with the manufacturer's shipment of the involved product upon purchase order into the state, even though the product liability action resulted from a subsequent accident which occurred in Georgia. But unlike Canron, the present case does not involve a purchase within the state of Florida, or a shipment of the specific product into the state. Although appellant was aware that the ultimate purchaser of the trailer unit was a Florida entity, this circumstance does not satisfy the connexity standard enunciated in the above-cited cases. The purchase of this trailer unit was not shown to be in any way connected with or incidental to solicitations or the sale within Florida of other trailer units manufactured by appellant. The deposition in evidence suggests that the purchase of this particular trailer unit was induced entirely through the buyer's established business relationship with the Iowa dealer. While the purchase negotiations may have involved interstate telephone contact between the Iowa dealer and the Florida purchaser, such contact does not satisfy the connexity requirement. Cf., Limardo v. Corporacion Inter-continental, 590 F. Supp. 1109 (S.D.Fla. 1984).
In reaching its decision in this case the court below noted that Florida was the intended destination of the trailer unit. In Poston v. American President Lines Ltd., 452 F. Supp. 568 (S.D.Fla. 1978), the court found that a defendant who solicited business and had an agent in Florida was subject to the state's long-arm jurisdiction with regard to a cargo shipment for which Florida was the ultimate destination, even though the parties' contractual agreement was made outside the state of Florida. However, unlike the present case the Poston court relied upon an alternative jurisdictional theory that a contractual breach occurred within the state and, as was noted in Polskie at footnote 3, Poston did not discuss the connexity requirement.
In the present case the circumstance that Florida was the eventual destination of the trailer unit does not establish connexity for long-arm jurisdiction. Appellees are not Florida residents and the alleged injury did not occur within the state of Florida. The Florida owner of the trailer unit is not a party to this action and did not purchase the trailer unit within Florida. It has not been shown that the purchase of the trailer outside the state was induced by or otherwise related to any business activity by appellant within the state of Florida. As in Abrahantes and Tellschow, supra, connexity is lacking in the present case and appellees have not established a factual predicate for the exercise of long-arm jurisdiction in Florida.
Appellants also argue that the affidavit of appellees' counsel should not have been considered because it was not made upon personal knowledge. Appellees concede that the investigator's report submitted with the affidavit should be disregarded. However, as to the remainder of the matters contained in the affidavit, counsel expressly averred that it was made upon personal knowledge and appellant has not shown to the contrary (even if the investigator may have initially discovered such facts). Nevertheless, the affidavit merely relates to appellant's activities within the state of Florida, and does not establish any connexity between those activities and appellees' cause of action.
Appellees' complaint alleged injury occurring in 1982. The 1984 statutory amendment eliminating the connexity requirement for long-arm jurisdiction does not apply in this case (see discussion below), and it was therefore essential that appellees establish such connexity. The circumstances presented do not establish such relationships, and long-arm jurisdiction accordingly should not have been exercised.
With respect to appellant's third point, supra, in 1984 the Florida legislature amended section 48.193 so as to provide, at subsection (2), for long-arm jurisdiction with regard to a defendant engaged in substantial activity within the state, "whether or not the claim arises from that activity." Chapter 84-2, Laws of Florida, was the *1068 amending act and further provided that it "shall apply only to actions brought on or after the effective date." In American Motors Corp. v. Abrahantes, supra, as in the present case, the plaintiff's action accrued prior to but was filed after the effective date of the amendment. The Abrahantes court ruled that the amendment does not apply to suits filed after its effective date if the cause of action accrued before the effective date, reasoning that the legislature had not clearly and unmistakably evinced such an intent. See also, Hertz Corp. v. Abadlia, 489 So.2d 753 (Fla. 4th DCA 1986); Polskie, supra. The Abrahantes court noted that such a construction as to the applicability of the statute avoids "grave doubts" regarding the constitutionality of retroactive application. The legislature has not revisited the applicability of the amendment since Abrahantes, and this court will adhere to the decision in that case. The amendment therefore does not apply in the present case and connexity was required for jurisdiction.
The order is reversed and the cause remanded with directions that the motion be granted.
MILLS and BARFIELD, JJ., concur.