JORGENSON, Judge.
Fibreboard Corporation appeals from a nonfinal order denying its motion to dismiss for lack of personal jurisdiction. We affirm.
In September of 1989, Samuel Kerness, a Florida resident, was diagnosed with an asbestos-related disease. Kerness and his wife filed suit in Dade County against Fi-breboard and thirteen other foreign corporations,[1] that mined, manufactured, or distributed asbestos-containing products between the years 1943 and 1962. The action was based on negligence, strict liability, and loss of consortium.
Kerness alleged that while working as a painter in Brooklyn, New York, during the years of 1943-1962, he was exposed to asbestos-containing products, and that due to this exposure and inhalation of the products’ asbestos fibers, he contracted the disease. In addition, Kerness claimed that
[t]he defendants [Fibreboard], during the period of 1943 and through and including the present, and at all times material to this cause of action, maintained sufficient contact with the State of Florida and/or transacted substantial revenue-producing business in the State of dolor-ida to subject them to the jurisdiction Of this Court....[2]
Fibreboard moved to dismiss for want of personal jurisdiction. It argued that the asbestos-containing products to which Kerness was exposed were manufactured and distributed before 1984; that the prior version of Florida’s long-arm statute applied;[3] and that the Kerness pleadings did not meet the connexity requirement of the pri- or statute. Section 48.181 required that a plaintiff demonstrate that the cause of ac *502 tion arose from doing business in Florida, or that the cause of action had some other connection to a specified act committed in Florida. This requirement has been described as the connexity requirement. Kravitz v. Gebrueder Pletscher Druck-Gusswaremfabrik, 442 So.2d 985, 987 n. 2 (Fla. 3d DCA 1983). Kemess premised jurisdiction upon section 48.193, Florida Statutes (1989),[4] because the action “accrued” at the time of his diagnosis. The trial court denied the motion to dismiss. We agree and hold that because Kerness’s cause of action accrued in 1989 jurisdiction is proper under section 48.193.
It is clear that section 48.193, Florida Statutes, cannot be applied retroactively to extend jurisdiction over a foreign corporation. Conley v. Boyle Drug Co., 570 So.2d 275, 288 (Fla.1990); Public Gas Co. v. Weatherhead, 409 So.2d 1026 (Fla.1982). However, such retroactive application does not occur when a cause of action accrues after the effective date of section 48.193. See American Motors Cory. v. Abra-hantes, 474 So.2d 271, 274 (Fla. 3d DCA 1985) (long-arm statute to be applied is one in existence at time cause of action accrues); Utility Trailer Manuf. Co. v. Cor-nett, 526 So.2d 1064 (Fla. 1st DCA) (same), rev. denied, 534 So.2d 398 (Fla.1988). Federal courts have also consistently applied this theory in Florida asbestos cases. See, e.g., Geisinger v. Fibreboard Cory., No. 90-0872 (S.D.Fla.) (order dated Apr. 1, 1991); Citron v. Armstrong World Indus., No. 89-1375 (S.D.Fla.) (order dated July 30, 1990); In re Asbestos Litigation, 679 F.Supp. 1096 (S.D.Fla.1988).
An action accrues when the injury is or should have been discovered. Celotex Cory. v. Meehan, 523 So.2d 141, 145 (Fla.1988). Kerness’s asbestos-related disease was diagnosed in 1989 after the effective date of section 48.193, and connexity is not required. Accordingly, the trial court has jurisdiction over Fibreboard even though Kemess’s illness was allegedly caused by Fibreboard’s products used in New York.
Appellant claims that Conley, suyra, is dispositive of the issue in this case. We disagree and certify this question to the Supreme Court as one of great public concern:
IN AN ASBESTOS CASE, IS THE APPLICABLE LONG-ARM STATUTE THAT WHICH WAS IN EFFECT WHEN THE PLAINTIFF’S CAUSE OF ACTION ACCRUED, OR THAT WHICH WAS IN EFFECT WHEN THE ABSES-TOS-CONTAINING PRODUCTS WERE MANUFACTURED_AND/OR DISTRIBUTED?
Affirmed.

. Fourteen foreign corporations were originally defendants in this case. All claims have been settled except those with Fibreboard.

. Plaintiffs provided the trial court with depositions that showed that Fibreboard products were utilized in Florida during the years of 1944-1946.

.Section 48.181, Florida Statutes (1961), provides:
(1) The acceptance by ... all foreign corporations ... of the privilege extended by law to nonresidents ... to operate, conduct, engage in, or carry on a business or business venture in the state ... constitutes an appointment hy *502 the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served.

. Section 48.193 provides that:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of injury, either:
(1) The defendant was engaged in solicitation or service activities within this state; or
(2) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade or use.