Ernest William DAVIS, etc.,
Plaintiff-Appellant,

v.

PYROFAX GAS CORPORATION, etc.,
and Goss, Inc., etc.,
Defendants-Appellees.

No. 83–3715.

United States Court of Appeals, Eleventh Circuit.

Feb. 1, 1985.

Ronnie H. Walker, Orlando, Fla., for plaintiff-appellant.

William E. Johnson, Robert A. Hannah, Jonathan C. Hollingshead, Orlando, Fla., for defendants-appellees.

Appeal from the United States District Court for the Middle District of Florida, Elizabeth A. Kovachevich, Judge.

Before HATCHETT and CLARK, Circuit Judges, and STAFFORD *, District Judge.

PER CURIAM:

This diversity appeal raises important questions concerning the reach of Florida's long-arm statute; specifically whether former Fla.Stat.Ann. § 48.193(1)(f)(2) requires a connection between the cause of action and a nonresident corporate defendant's business activities.[1] Because the Florida

1. Fla.Stat.Ann. § 48.193(1)(f)(2) provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce,

trade, or use, and the use or consumption resulted in the injury.

Fla.Stat.Ann. § 48.193 has since been amended in relevant part as follows (additions in text are indicated by underline; deletions by strikeouts):

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits <u>himself</u> ~~that person~~ and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at <u>or about</u> the time of the injury either:

2. Products, materials, or things processed, serviced, or manufactured by the defendant

Supreme Court has not addressed this jurisdictional issue, and separate Florida District Courts of Appeal have reached opposite conclusions, we certify the question, as authorized by rule, to the Supreme Court of Florida.[2]

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Eleventh Circuit that the above-styled case in this Court involves questions or propositions of the law of the State of Florida that are determinative of the cause, and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein, pursuant to Rule 9.150, Florida Rules of Appellate Procedure, as follows:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is *Ernest William Davis,* Plaintiff-Appellant, *versus Pyrofax Gas Corporation, etc., and Goss, Inc., etc.,* Defendants-Appellees, Case No. 83–3715, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court, Middle District of Florida, Orlando Division.

## II. STATEMENT OF FACTS

In November, 1975, the plaintiff purchased an unvented gas space heater manufactured by Goss, Inc., from Pyrofax Gas Corporation in Lapeer, Michigan. In late December of 1980, the plaintiff and his family were using the above-mentioned heater in Florida when it allegedly malfunctioned, causing the asphyxiation of plaintiff's wife and his two daughters. The plaintiff brought a diversity action on behalf of the decedents in which he alleged negligence, breach of implied warranty and strict liability. The plaintiff further alleged in his amended complaint that both defendants were engaged in the following business activities: (1) a nationwide marketing program for the purpose of selling their products throughout the United States for use in Florida and other states; (2) advertised their products in publications with nationwide or regional circulation, including the state of Michigan where the product which is the subject of this lawsuit was sold and the state of Florida where this product was used; and (3) maintained a list of their Florida customers who had purchased gas appliance products. As to defendant Pyrofax, the plaintiff also alleged that in its regular course of business, Pyrofax operated numerous business locations or branches within Florida for the purpose of selling gas appliances such as

anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.

(2) A defendant engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, shall be subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

While this amendment cannot be retroactively applied to the plaintiff's case, it clearly would afford jurisdiction on facts identical to the current case.

2. Fla.R.App.P. 9.150 provides in relevant part:

   (a) **Applicability.** Upon either its own motion or that of a party, the Supreme Court of the United States or the United States Court of Appeals may certify a question of law to the Supreme Court of Florida whenever the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.

   (b) **Certificate.** The certificate shall contain the style of the case, a statement of the facts showing the nature of the cause and the circumstances out of which the questions of law arise, and the questions of law to be answered. The certificate shall be prepared as directed by the federal court. It shall be certified to the Supreme Court of Florida by the clerk of the federal court.

930

the product currently at suit. Plaintiff also alleges that defendant Goss, Inc. shipped gas heaters to its distributors in Florida for sale to Florida customers.

The narrow jurisdictional issue presented by Section 48.193(1)(f)(2) is whether a product purchased out of state, which is subsequently carried into the state for private use, is brought into the state in the ordinary course of commerce or trade for jurisdictional purposes. That is, must a "connexity" be shown between the specific product causing injury to the plaintiff, and defendant's business activities in Florida? There is a clear split between the Florida district courts on this issue as demonstrated by *Kravitz v. Gebrueder Pletscher Druckgusswaremfabrik,* 442 So.2d 985 (Fla. 3d DCA 1983), and *General Tire & Rubber Co. v. Hickory Springs Mfg. Co.,* 388 So.2d 264 (Fla. 5th DCA 1980).

In both cases, the product was purchased out of state and then carried into Florida where it ultimately caused the injury. Each defendant had previously made sales of the specific product in Florida in the ordinary course of their business. In *General Tire,* the fifth district required a showing that the cause of action was connected with the ongoing activities of the foreign corporation before considering the question of whether the corporation was doing business within the state. 388 So.2d at 266. The third district in *Kravitz* rejected this connexity requirement in finding that the "fact that the particular defective item which caused injury while in use in this state was purchased in another state does not render defendant—whose same product is distributed in the state—immune from the jurisdiction of the Florida court." 442 So.2d at 987.

### III.   QUESTION FOR THE SUPREME COURT OF FLORIDA [3]

Prior to the April 25, 1984 revision of Florida's long-arm statute, was a nonresident manufacturer or wholesaler of a product subject to the jurisdiction of the Florida courts where (1) the manufacturer or wholesaler engages in business activities in Florida, and (2) the product was purchased in another state and brought into Florida by the purchaser, and (3) the product caused injury to the purchaser in Florida?

---

3. We repeat what we have often said in the past: [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriquez,* 394 F.2d 156, 159, n. 6 (5th Cir.1968).