492 So.2d 1044 (1986)
Ernest William DAVIS, Appellant,
v.
PYROFAX GAS CORPORATION, Etc., et al., Appellees.
No. 66497.
Supreme Court of Florida.
June 19, 1986.
Rehearing Denied September 9, 1986.
John W. Tanner, Daytona Beach, for appellant.
Jonathan C. Hollingshead of Pitts, Eubanks, Hannah, Hilyard & Marsee, for Pyrofax Gas Corp., and William E. Johnson and Bryan W. Crews of Parker, Johnson, Owen & McGuire, Orlando, for Goss, Inc.
SHAW, Justice.
This cause is before us on certificate from the United States Court of Appeals, Eleventh Circuit. We have jurisdiction pursuant to article V, section 3(b)(6), Florida Constitution. The certified question is:
Prior to the April 25, 1984 revision of Florida's long-arm statute, was a nonresident manufacturer or wholesaler of a product subject to the jurisdiction of the Florida courts where (1) the manufacturer or wholesaler engages in business activities in Florida, and (2) the product was purchased in another state and brought into Florida by the purchaser, and (3) the product caused injury to the purchaser in Florida?
Davis v. Pyrofax Gas Corp., 753 F.2d 928, 930 (11th Cir.1985).
The complaint, filed in the United States District Court, Middle District of Florida, Orlando Division, alleged that the plaintiff in 1975 purchased a gas space heater from Pyrofax Gas Corporation in Michigan that was manufactured by Goss, Inc. The plaintiff brought the heater into Florida, where it malfunctioned, causing injury. As stated by the circuit court of appeals:
The plaintiff further alleged in his amended complaint that both defendants were engaged in the following business activities: (1) a nationwide marketing program for the purpose of selling their products throughout the United States for use in Florida and other states; (2) advertised their products in publications with nationwide or regional circulation, including the state of Michigan where the product which is the subject of this lawsuit was sold and the state of Florida where this product was used; and (3) maintained a list of their Florida customers *1045 who had purchased gas appliance products. As to defendant Pyrofax, the plaintiff also alleged that in its regular course of business, Pyrofax operated numerous business locations or branches within Florida for the purpose of selling gas appliances such as the product currently at suit. Plaintiff also alleges that defendant Goss, Inc. shipped gas heaters to its distributors in Florida for sale to Florida customers.
Id. at 929-30. The district court dismissed the complaint for lack of personal jurisdiction and failure to perfect service of process. The plaintiff appealed to the circuit court of appeals, which then certified to this Court the question set out above.
Personal jurisdiction in a federal diversity action must accord with the law of the state in which the federal court sits. See Woodham v. Northwestern Steel and Wire Co., 390 F.2d 27 (5th Cir.1968).
In deciding whether a state jurisdictional statute confers jurisdiction over a nonresident defendant in a federal diversity suit, two avenues of inquiry must be followed. First, it must be determined that the defendant is in fact amenable to service under the state statute; state law of the forum controls this question. If the state statute has been complied with, then federal law must be applied to determine whether [the] assertion of jurisdiction over the defendant comports with due process.
Jetco Electronics Industries v. Gardiner, 473 F.2d 1228, 1232 (5th Cir.1973), reh. denied, 474 F.2d 1347 (5th Cir.1973) (citations omitted). It is the first inquiry with which we are concerned in this case. The eleventh circuit court is concerned specifically with the applicability of section 48.193(1)(f)2, Florida Statutes (1979), which provides:
48.193 Acts subjecting persons to jurisdiction of courts of state. 
(1) Any person whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
... .
(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:
... .
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.
Interpreting section 48.193(1)(f)2 in the past, we said,
to acquire jurisdiction over a nonresident pursuant to this section of Florida's Long Arm statute, the plaintiff must initially allege in the complaint sufficient jurisdictional facts to show that the nonresident manufactured or serviced a product which was used within this state in the ordinary course of commerce and trade, and which injured a person in this state.
Electro Engineering Products Co. v. Lewis, 352 So.2d 862, 864 (Fla. 1977). The defendants argue that under the plain meaning of the subsection Florida courts do not acquire in personam jurisdiction over a nonresident defendant engaged in business activities in Florida where the item causing injury in Florida was not purchased in Florida. We are unpersuaded and instead agree with the district court in Kravitz v. Gebrueder Pletscher Druck-Gusswaremfabrik, 442 So.2d 985 (Fla.3d DCA 1983), that such an interpretation of the statute is too restrictive. We think that section 48.193(1)(f)2 cannot necessarily be read in isolation to derive legislative intent. We do not think the legislature intended to deny a person the right to maintain an action in Florida, where the cause of action accrued and where the defendants are allegedly engaged in solicitation activities and promoting or distributing the same product as *1046 that which caused the injury in Florida. See § 48.193(1)(f)1.
The eleventh circuit court is concerned with the "ordinary course of commerce" language and whether there must be a connection between the specific product causing injury and the defendants' business activities in Florida. We do not read the statute as requiring that the specific item purchased by the plaintiff elsewhere and brought by him into Florida be brought in through the ordinary course of commerce. We find that the connection requirement is satisfied by the defendants' business activities in Florida. If a defendant has a relationship with Florida such that it is amenable to suit in Florida by a person who purchased its product in Florida, there is no logical reason to prohibit a plaintiff who purchased the same product elsewhere and was injured by it in Florida from maintaining an action in Florida. A manufacturer or wholesaler that avails itself of the privilege of conducting solicitation activities and promoting or distributing its product line within the State of Florida should be amenable to a suit in Florida by one whose injury is occasioned by the use in Florida of the corporation's product purchased out of the state. Under these circumstances the defendant is by virtue of the statute on notice that because of its activities in Florida it may be called upon to defend in Florida.
The certified question is answered in the affirmative.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.