625 So.2d 457 (1993)
FIBREBOARD Corporation, Petitioner,
v.
Samuel Kerness, et al., Respondents.
No. 79165.
Supreme Court of Florida.
October 7, 1993.
Blaire & Cole, P.A., Coral Gables, and Louise H. McMurray of Louise H. McMurray, P.A., Miami, for petitioner.
David M. Lipman of David M. Lipman, P.A., Miami, for respondents.
Andre R. Perron of Blalock, Landers, Walters & Vogler, P.A., Bradenton, amicus curiae for Academy of Florida Trial Lawyers.
SHAW, Justice.
We review Fibreboard Corp. v. Kerness, 590 So.2d 501, 502 (Fla. 3d DCA 1991), in which the district court certified this question as one of great public importance:
IN AN ASBESTOS CASE, IS THE APPLICABLE LONG-ARM STATUTE THAT WHICH WAS IN EFFECT WHEN THE PLAINTIFF'S CAUSE OF ACTION ACCRUED, OR THAT WHICH WAS IN EFFECT WHEN THE ASBESTOS-CONTAINING PRODUCTS WERE MANUFACTURED AND/OR DISTRIBUTED?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Samuel Kerness, a Florida resident, was diagnosed with an asbestos-related disease in September of 1989. In Kerness's Dade County suit against foreign corporations that mined, manufactured, or distributed asbestos-containing products, he alleged that he worked as a painter in New York during 1943-1962 where he was exposed to the products, and due to inhalation of the products' asbestos fibers, he contracted the disease. Kerness also alleged that during 1943 to the present, the defendants maintained sufficient contact with Florida or conducted substantial business in Florida to subject them to jurisdiction in Florida.
The district court affirmed the trial court's denial of Fibreboard's motion to dismiss for lack of personal jurisdiction. The court reasoned that the long-arm statute in effect at the time the cause of action accrued is the applicable statute; Kerness's cause of action accrued when he was diagnosed as having asbestos-related disease; and Kerness's disease was diagnosed after the effective date of section 48.193, Florida Statutes *458 (1989).[1] The district court also held that "connexity" is not required. We hold that the long-arm statute in effect at the time of the manufacture or distribution of the asbestos is the statute that governs. We said in our recent decision in Conley v. Boyle Drug Co., 570 So.2d 275 (Fla. 1990):
[Ms. Conley] maintains that ... the trial court had personal jurisdiction over [Boyle Drug Co.] under section 48.193(1)(f)(2), Florida Statutes (1977), because that provision was in effect at the time her cause of action accrued, when her injury manifested itself.
This Court has consistently held that neither section 48.193 nor its predecessor section 48.182, which became effective in 1970, can be applied retroactively to allow service under its provisions as to an alleged wrongful act committed prior to the enactment of the statute. We reject Ms. Conley's contention that this well-established prohibition against retroactive application of a Florida long-arm statute is only applicable in connection with the manner of service employed.
Id. at 287-88 (citations omitted) (emphasis added). We find Conley controlling.
Kerness nevertheless argues that we should apply Conley only to DES (diethylstil-bestrol) cases. We decline to adopt a rule of law based on the type of product at issue. There is no basis in logic for a special rule based on particular types of products; such a rule would be arbitrary by its very nature.
Kerness also argues that this Court's opinion in Davis v. Pyrofax Gas Corp., 492 So.2d 1044 (Fla. 1986), supports the exercise of long-arm jurisdiction over Fibreboard. We said in Davis:
A manufacturer or wholesaler that avails itself of the privilege of ... distributing its product line within the State of Florida should be amenable to a suit in Florida by one whose injury is occasioned by the use in Florida of the corporations's product purchased out of the state.
Id. at 1046. This is true as far as it goes; the question remains under which long-arm statute is a manufacturer amenable to suit. We were not called upon to address the issue of the retroactive application of a long-arm statute in Davis,[2] but our reasoning makes it clear that retroactive application of a long-arm statute would violate the requirement of fair notice. We said: "Under these circumstances [of availing itself of the privilege of conducting solicitation activities and promoting or distributing its product line] the defendant is by virtue of the statute on notice that because of its activities in Florida it may be called upon to defend in Florida." Id. at 1046 (emphasis added). At the time of Fibreboard's allegedly injurious acts, no statute gave notice that it might be called upon to defend an action in Florida.
The district court relied on Celotex Corp. v. Meehan, 523 So.2d 141, 145 (Fla. 1988), for its holding that Kerness's cause of *459 action accrued at the time of diagnosis. Meehan noted that "a medical diagnosis which revealed that the party was suffering from asbestos-related diseases would be the event that triggered Florida's statute of limitations." Meehan, 523 So.2d 141, 145 (Fla. 1988); see also Celotex Corp. v. Copeland, 471 So.2d 533 (Fla. 1985) (the action accrues when the accumulated effects of the substance manifest themselves in a way which supplies some evidence of the causal relationship to the manufactured product). Nevertheless neither Meehan nor Copeland addressed the issue of whether a long-arm statute can be applied retroactively;[3] they are not controlling in the instant case. Kerness argues that the language of the long-arm statute he seeks to apply, section 48.193, Florida Statutes (1989), focuses on the "time of injury" rather than the time of the wrongful act. This is irrelevant even if true,[4] because the gravamen of this case is which long-arm statute applies. This Court has long refused to apply long-arm statutes retroactively. Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982); AB CTC Corp. v. Morejon, 324 So.2d 625 (Fla. 1975); Gordon v. John Deere Co., 264 So.2d 419 (Fla. 1972). The statute in effect at the time of the acts subjecting one to long-arm jurisdiction is the applicable one.
We accordingly quash the decision of the district court and remand for proceedings consistent with this opinion.[5]
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Section 48.193, Florida Statutes (1989), in relevant part, provides:

Acts subjecting person to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
.....
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
.....
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
[2] The only argument made by the defendant was that the long-arm statute could not be applied "where the item causing injury in Florida was not purchased in Florida." Davis v. Pyrofax Gas Corp., 492 So.2d 1044, 1045 (Fla. 1986).
[3] Celotex Corp. v. Meehan, 523 So.2d 141 (Fla. 1988), addressed whether Florida's borrowing statute applied to a cause of action barred by the limitations statute in another state. Celotex Corp. v. Copeland, 471 So.2d 533 (Fla. 1985), addressed whether the action was barred by Florida's statute of limitations and whether the "market share" theory of liability applied to the action.
[4] We interpret the 1989 statute to focus on the time of the act, as is evident in the language of subsection (1): "Any person... who personally or through an agent does any of the acts enumerated in this subsection, thereby submits himself" to Florida jurisdiction. § 48.193, Fla. Stat. (1989) (emphasis added).
[5] The parties have filed a notice of settlement with the Court. Normally this would render the issue moot; however, we issue this opinion for the guidance of others who may find themselves similarly situated.