Orlando **PERUYERO**, Personal Representative of the Estate of Braulio Peruyero, et al., Plaintiff,

v.

**AIRBUS S.A.S., and BAE Systems PLC, Defendants.**

Case No. 13–22832–Civ.

United States District Court, S.D. Florida.

Signed April 30, 2014.

Erika A. O'Donnell, Michael P. Burke, Michael C. Shepard, Shepard Law Firm, Boston, MA, Jonathan Ruckdeschel, The Ruckdeschel Law Firm, Ellicott City, MD, for Plaintiff.

Aaron R. Crane, Hogan Lovells US, LLP, Thad T. Dameris, Trevor R. Jefferies, Arnold & Porter LLP, Houston, TX, Alvin F. Lindsay, III, Hogan Lovells U.S. LLP, Miami, FL, Jason A. Ross, Geoffrey Jonathan Michael, Arnold and Porter LLP, Washington, DC, for Defendants.

Eleni Kastrenakes, Miami, FL, Chris Kolos, Holland & Knight, Orlando, FL, for BAE.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

MARCIA G. COOKE, District Judge.

THIS CASE is before me upon Defendant BAE Systems PLC's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 22. On November 22, 2013, Plaintiff Orlando Peruyero, Personal Representative of the Estate of Braulio Peruyero, filed his Memorandum of Law in

Opposition to Defendant's Motion to Dismiss, ECF No. 29, to which Defendant replied on December 2, 2013, ECF No. 33. Therefore, the Motion is fully briefed and ripe for adjudication. I have reviewed the Motion to Dismiss, the Response and Reply, the record, and the relevant legal authorities. For the reasons provided below, Defendant's Motion to Dismiss is **GRANTED.**

## I. BACKGROUND

On August 7, 2013, Plaintiff Orlando Peruyero, as Personal Representative of the Estate of Braulio Peruyero ("Peruyero"), sued Defendants Airbus S.A.S., BAE Systems Holdings, Inc., BAE Systems, Inc., BAE Systems Information and Electronic Systems, BAE Systems PLC, EADS North America Holdings, Inc., European Aeronautic Defence, and Space Company EADS N.V. (collectively "BAE") in the U.S. District Court for negligence, strict liability, and failure to exercise reasonable care. *See* ECF No. 1. Peruyero alleges that former aircraft mechanic Braulio Peruyero's (the "Decedent") exposure to asbestos-containing products manufactured, sold, supplied and/or distributed by the Defendants caused the Decedent to develop mesothelioma, a form of cancer that develops from cells of the mesothelium. Pl.'s Am. Compl. ¶¶ 8–14. According to Peruyero, BAE is a foreign corporation with its principal place of business located in the United Kingdom. *Id.* ¶ 2.

On November 5, 2013, BAE moved to dismiss because the Court allegedly lacks personal jurisdiction over BAE under Fla. Stat. § 47.16, which, according to BAE, is the applicable long-arm statute. Def.'s Mot. Dismiss at 4. BAE argues that the exercise of personal jurisdiction by a Florida court for the sale of an alleged asbestos-containing product in Cuba would violate constitutional mandates of fair play and substantial justice. *Id.* Peruyero argues, on the other hand, that Fla. Stat. § 48.193, which confers general jurisdiction, is the applicable long-arm statute because BAE engaged in "substantial and not isolated" activity in Florida. Pl.'s Resp. to Def.'s Mot. Dismiss at 6. Peruyero also asserts that Fla. Stat. § 47.16 confers specific jurisdiction because BAE "sold aircrafts to Capital Airlines, a U.S. commercial airline that was registered to do business in Florida and provided service to and from Miami;" thus, according to Peruyero, Decedent's injuries arose out of BAE's activity in Florida. *Id.* at 8. On December 2, 2013, BAE reiterated that Fla. Stat. § 48.193 does not apply because Decedent's only exposure to asbestos occurred while working on the Bristol Brittania and Bickers aircrafts for Cubana Airlines in Havana, Cuba from 1956–1961, during which time Fla. Stat. § 47.16 was the applicable long-arm statute.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(2)

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.,* 810 F.Supp.2d 1321, 1323–24 (M.D.Fla.2011). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the nonresident defendant. *Virgin Health Corp. v. Virgin Enters. Ltd.,* 393 Fed.Appx. 623, 625 (11th Cir.2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir.2000). If the defendant is able to refute personal jurisdiction by sustaining its burden of chal-

lenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir.2000). The district court must construe all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.,* 598 F.3d 802, 810 (11th Cir.2010) ("If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists."); *Consol. Dev. Corp.,* 216 F.3d at 1291.

■ To determine whether personal jurisdiction exists over an out-of-state defendant, courts undertake a two-step analysis. *Verizon Trademark Servs.,* 810 F.Supp.2d at 1324. First, a court must determine whether, pursuant to state law, the applicable state long-arm statute is satisfied. *Future Tech. Today,* 218 F.3d at 1249; *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1361 (11th Cir.2006). Second, if the state long-arm statute is satisfied, the court must consider "whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Melgarejo v. Pycsa Panama, S.A.,* 537 Fed.Appx. 852, 858–59 (11th Cir.2013). The Due Process Clause requires that the defendant have minimum contacts with the forum state so that the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Id.* "Both parts [of the test] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *Am. Fin.*

*Trading Corp. v. Bauer,* 828 So.2d 1071, 1074 (Fla.Dist.Ct.App.2002).

### 1. The Applicable Florida Long–Arm Statute

■ The Florida Supreme Court has held that the applicable long-arm statute is the one in effect at the time of the manufacture and/or distribution of the alleged asbestos-containing product(s) (i.e., the alleged injurious act) rather than the statute in effect when plaintiff's cause of action accrues. *Fibreboard Corp. v. Kerness,* 625 So.2d 457, 458 (Fla.1993); *Conley v. Boyle Drug Co.,* 570 So.2d 275 (Fla.1990). In refusing to retroactively apply the 1989 Florida long-arm statute, which allowed for general personal jurisdiction, the Florida Supreme Court reasoned that retroactive application of a long-arm statute would violate the requirement of fair notice to the defendant when all of the plaintiff's exposure occurred outside of Florida from 1943–1962. *Fibreboard,* 625 So.2d at 458. Thus, the long-arm statute in effect when the tortious act occurs controls because "at the time of [the defendant's] allegedly injurious acts, [the state must give] notice that [the defendant] might be called upon to defend an action in Florida." *Id.*

■ The parties dispute which Florida long-arm statute applies. Plaintiff Orlando Peruyero ("Peruyero") cites several of Florida's long-arm statutes—Fla. Stat. § 48.181, § 48.182, § 48.193, and § 47.16— that confer personal jurisdiction over Defendant BAE ("BAE"). Pl.'s Am. Compl. ¶ 7. BAE argues, to the contrary, that only Fla. Stat. § 47.16 is applicable because it was the only statute in effect at the time BAE manufactured and/or distributed the Bristol Brittania and Vickers Viscount (the "Aircrafts") to Cubana Airlines. Def.'s Mot. Dismiss at 3. For support, BAE submits the depositions of Decedent's former

co-workers, Hugo Azra and Raphel Armengol, who attest that the Decedent only worked on and around the aircrafts while employed for Cubana Airlines in Havana, Cuba from 1956–1961. *Id.* at 7. But Peruyero argues that the testimony of Decedent's former coworkers, Orlando Peruyero[1] and Julio Perez, establishes that the Decedent was exposed to the Defendants' alleged asbestos-containing products throughout his entire career, which lasted as late as 1992. Pl.'s Resp. Def.'s Mot. Dismiss at 5. However, Peruyero fails to submit evidence showing the Decedent *worked on or around BAE's aircraft* after 1961, which is when he moved to Florida. The fact that "[he] worked as an aircraft mechanic until at least 1992" is inconsequential because Peruyero's burden was to rebut BAE's evidence limiting the Decedent's exposure *to BAE's aircraft* from 1956–1961. *See, e.g.,* Deposition of Orlando Peruyero, Vol. I., p. 140–47 (ECF No. 29). Because Peruyero did not submit *any* evidence to support his allegation that the Decedent was exposed *to BAE's asbestos-containing products* after 1961, he has failed to meet his burden. Therefore, Fla. Stat. § 47.16, the Florida long-arm statute in effect at that time, applies.

### a. Peruyero Has Not Shown That There is Specific Jurisdiction Pursuant to Section 47.16 of Florida's Long–Arm Statute

■ Section 47.16, the 1955 version of Florida's long-arm statute, provides only for the exercise of specific jurisdiction, which exists where the plaintiff's cause of action *"aris[es] from* a transaction or operation connected with or incidental to the nonresident defendant's business or business venture in Florida." Fla. Stat. § 47.16 (emphasis added). The 1957 version of this statute is nearly identical except it adds a second paragraph, which states:

> (2) Any person, firm or corporation which through brokers, jobbers, wholesalers or distributors sells, consigns or leases, by any means whatsoever, tangible or intangible personal property to any person, firm or corporation in this state, shall be conclusively presumed to be operating conducting, engaging in or carrying on a business or business venture in this state.

Fla. Stat. § 47.16(2). Thus, Section 47.16 also requires "connexity—a causal connection between the defendant's activities in Florida and the plaintiff's cause of action." *Canale v. Rubin,* 20 So.3d 463 (Fla.Dist.Ct. App.2009); *accord O'Connell v. Loach,* 194 So.2d 700 (Fla.Dist.Ct.App.1967).

BAE Secretary David Parkes declares that (i) "BAE[ ] is not, and has never been, registered or authorized to do business in Florida;" (ii) "BAE[ ] does not, and has never, maintained offices in Florida;" and (iii) "BAE[ ] does not, and has not, conducted business in Florida." Parkes Decl. ¶¶ 6–7, 9–12, 14. Several of the Decedent's former co-workers, on the other hand, attest that the Decedent "was exposed to asbestos while performing maintenance on the Bristol Brittania and Vickers Viscount, including aircrafts departing to or returning from Miami" for Capital Airlines. Pl.'s Resp. to Def.'s Mot. Dismiss at 8. Since Capital Airlines was registered to do business in Florida as of 1958, Peruyero argues that the connexity requirement of § 47.16 is met because "by selling aircraft to Capital Airlines, a U.S. commercial airline registered to do business in Florida and provided service to and from Miami, the Decedent's injuries arose out of BAE's activity in Florida." *Id.* Pe-

---

1. Orlando Peruyero is also the Plaintiff in this matter, the Decedent's son and the Personal Representative of the Decedent's estate, as well as a former co-worker.

ruyero is trying to dress up a § 48.193 general jurisdiction analysis in § 47.16 specific jurisdiction analysis' clothing. Peruyero does not rely on BAE's transactions with Capital Airlines, as required by § 47.16. Indeed, there would be no purpose to the connexity requirement because BAE would be subject to personal jurisdiction anywhere in the world to which Capital Airlines flies simply by placing an aircraft in the stream of commerce. *Asahi Metal Indus. Co. Ltd. v. Superior Court of Cali.*, 480 U.S. 102, 104, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (finding that the mere placement of a product into the stream of commerce, absent additional conduct indicating an intent to serve the forum state market, does not satisfy due process).

 "The long-arm statute must be strictly construed; therefore, any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that jurisdiction exists." *Keston v. FirstCollect, Inc.*, 523 F.Supp.2d 1348, 1353 n. 2 (S.D.Fla.2007). Accordingly, Peruyero fails to demonstrate any basis for specific jurisdiction over BAE pursuant to § 47.16, Fla. Stat. (1955; 1957).

## 2. BAE's Wholly–Owned U.S. Subsidiaries are Not Mere Instrumentalities That Warrant Piercing the Corporate Veil to Confer Personal Jurisdiction over BAE

 Peruyero argues that this Court should exercise personal jurisdiction over BAE through BAE's subsidiaries registered to do business in Florida. Pl.'s Resp. to Def.'s Mot. Dismiss at 4. However, the Eleventh Circuit has held that a parent and a subsidiary are separate and distinct corporate entities, and the presence of one in a forum state may not necessarily be attributed to the other. *Consolidated Dev. Corp. v. Sherritt, Inc.*,

216 F.3d 1286, 1292 (11th Cir.2000). "A court may properly assume personal jurisdiction over a corporate parent if the plaintiff can show that the subsidiary is an alter ego of a parent corporation, such that the corporate veil can be pierced. In order for a court to pierce the corporate veil, a plaintiff must show: (1) that the subsidiary is a mere instrumentality of the parent; and (2) improper conduct." *See Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*, No. 08–61456, 2010 WL 55439 at *3 (S.D.Fla. Jan. 6, 2010).

According to BAE's Manager of Corporate Governance Sylvia Lacy–Crow, the other Defendants in this matter are all wholly-owned subsidiaries of BAE, and are registered to do business in Florida. Pl.'s Resp. to Def.'s Mot. Dismiss at 13. Despite alleging that BAE "used these subsidiaries ... to conduct business in the United States, including Florida," Peruyero fails to support this allegation with facts showing that BAE used the subsidiaries in such a way that they are the "alter ego" of BAE in the United States. *Cross Country Home Servs. Inc.*, No. 08–61456, 2010 WL 55439 at *3. Thus, Peruyero fails to show that BAE's subsidiaries are mere instrumentalities of BAE such that the corporate veil can be pierced. *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1117 (Fla.1984).

## 3. Peruyero is Not Entitled to Jurisdictional Discovery

 Peruyero contends "[he] should be given the opportunity to discover facts that would support his allegation of jurisdiction." Pl.'s Resp. to Def.'s Mot. Dismiss at 14. Peruyero requests that I deny "BAE's Motion until [he] has had the opportunity to conduct limited discovery." *Id.* at 15. However, Peruyero failed to move for leave to seek jurisdictional discovery, so his request for that particular relief is procedurally flawed. *United Techs. Corp.*

*v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir.2009) (denying jurisdictional discovery where "plaintiff never formally moved the district court for jurisdictional discovery, but, instead, buried such requests in its briefs as a proposed alternative to dismissing defendant on the state of the current record."). Also, jurisdictional discovery is "not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing a[sic] personal jurisdiction." *Bernardele v. Bonorino*, 608 F.Supp.2d 1313, 1321 (S.D.Fla.2009). Jurisdictional discovery is not warranted here, even if it had been properly requested because Peruyero did not submit any evidence to rebut BAE's evidence. BAE contends that Decedent's only exposure to its aircraft occurred from 1956–1961 and Peruyero failed to show that the Decedent was exposed specifically to BAE's aircraft after 1961. Thus, there is no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery. *Zamora Radio, LLC v. Last.fm LTD.*, No. 09–20940, 2011 WL 2580401, at *12 (S.D.Fla. June 28, 2011) (denying request for jurisdictional discovery "in the absence of a 'genuine dispute' on a material jurisdictional fact.").

Peruyero fails to make a prima facie showing that BAE is subject to specific jurisdiction under § 47.16; therefore, I need not address whether exercising personal jurisdiction over BAE would offend due process or traditional notions of fair play and substantial justice. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."). Accordingly, BAE's Motion to Dismiss is **GRANTED**. Since the Court lacks personal jurisdiction over BAE, I need not consider BAE's 12(b)(6) Motion to Dismiss.

### III. Conclusion

For the foregoing reasons, it is **OR-DERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint, ECF No. 22, is **GRANTED**.

2. Plaintiff's Amended Complaint is **DISMISSED** *without prejudice*.

3. All pending motions are **DENIED** *as moot*.

4. The Clerk is directed to **CLOSE** this case.

5. Plaintiff shall file its Second Amended alleging facts to support personal jurisdiction within seven (7) days of the date of this Order.